LOUISA BREW *et al.* v. FRANCES A. CLEMENT *et al.*

INSURANCE — *Death of Beneficiary* — *Rights of Legatee.* Where W. C. procures a benefit certificate upon his life in an insurance company in which J. C., the wife of W. C., is named as beneficiary, and J. C. dies before W. C. does, but during her lifetime makes a will, devising all her property to W. C., for and during his life, and after his death to her daughter, F. A. C., and during his lifetime W. C., who survives his wife but a few months, also makes a will giving the proceeds of said benefit certificate to F. A. C., and said wills have been properly probated, the proceeds of said certificate, when paid by the insurance company, pass to and become the property of F. A. C.

### *Error from Brown District Court.*

ACTION by Louisa Brew, Margaret Miller, Anna Sprague, Mary Chandler, Nellie Dunn and William Clement against Frances A. Clement, John Schilling, her guardian, and Ira J. Lacock, to recover part of the proceeds of a benefit certificate. From a judgment for defendants at the May term, 1890, plaintiffs bring error.

*C. W. Johnson* and *S. F. Newlon,* for plaintiffs in error.

*James Falloon,* for defendants in error.

Opinion by STRANG, C.: On the 23d day of December, 1878, William Clement became a member of the National Temperance Relief Union, a mutual insurance company, organized under the laws of Missouri. In his certificate of membership therein, his wife, Joanna Clement, was named as beneficiary. On the 29th day of September, 1884, Joanna Clement made a will, by which she gave the use of all her property to her husband, William Clement, during his lifetime, after which her daughter, Frances August Clement, was to have the use of the same during her life, when it was to be divided between the other children of said Joanna Clement according to further provisions of her said will. On the date of said will, William Clement consented, in writing, to the provisions thereof; and on April 24, 1885, the said William

Clement also made a will, in which he provided that if he should survive his wife the proceeds of said benefit certificate should go to his daughter, Frances August Clement. Joanna Clement died December 9, 1885, and William Clement died May 18, 1886. August 28, 1886, Frances August Clement was adjudged to be a feeble-minded person and not competent to transact business, and John Schilling was appointed and qualified as her guardian. August 30, 1886, after proper notice to all the heirs, the said wills of Joanna and William Clement were duly probated, and the executors named therein having refused to serve, and all the persons next of kin to said testators having renounced their right of administration, John Schilling was appointed administrator with the wills annexed. March 26, 1889, suit was begun in the name of John Schilling, guardian of Frances August Clement, and the other heirs of William and Joanna Clement, against the National Temperance Union, on the said benefit certificate, to recover the amount thereof, which suit was afterward compromised and the company paid the sum named in the certificate to the attorneys for the plaintiffs therein, who turned the amount, less their fees, over to John Schilling. The plaintiffs brought this suit to recover their moieties of the proceeds of said benefit certificate, as joint heirs with said Frances August Clement.

The question in this case is, who is entitled to the proceeds of the benefit certificate issued by the National Temperance Union on the life of William Clement? Is Frances August Clement, or her guardian, John Schilling, for her, entitled to the whole of the proceeds of said certificate, or are the other heirs of William and Joanna Clement, named as plaintiffs in this case, entitled to equal shares therein with said Frances August Clement? The solution of this question depends upon the effect to be given to the wills of Joanna and William Clement. The benefit certificate named Joanna Clement as beneficiary therein; that is, by the terms of said certificate, the amount of insurance therein covenanted to be paid upon the death of William Clement was to be paid to his wife,

Joanna Clement. But Joanna Clement did not survive her husband, and the insurance upon his life could not therefore be paid to her. During the lifetime of said Joanna Clement she made a will and devised the use of all her property to her husband during his lifetime, and to her daughter, Frances August Clement, after him during her lifetime, with a provision for final distribution of what remained upon her decease among her other children. William Clement survived his wife but a few months. Before his decease, however, he made a will, by which he gave to his daughter, Frances August Clement, the proceeds of the benefit certificate upon his life.

There is no question of the enforcement of a contract between the insurance company and anyone here. The insurance company is not a party to this suit. There is no question in the case as to the right of the assured, or the beneficiary named in the certificate, to change the beneficiary named in the certificate, or control the disposition of the proceeds of said certificate, as against the insurance company, or in contravention of any of its rights under the certificate or its by-laws. The insurance upon the life of William Clement guaranteed by the company under its certificate was paid by the company, and thereafter became a part of the estate of either Joanna Clement or William Clement. The certificate was payable to Joanna Clement, not to her and her heirs. If she had survived her husband, the proceeds thereof would have been her property, to be disposed of by her as she should wish. Though she did not survive her husband, she did, during her lifetime, by will, point out and direct the disposition to be made of her property after her decease. Said will we think is broad enough to cover and include any interest she may have had in said benefit certificate at the time of her death; and, by the terms thereof, all her property went to her husband, William Clement, during his lifetime, and afterward to Frances August Clement. If, however, as probably was the case, upon the decease of his wife before him, the proceeds of the policy on his life became, at his death, a part

of his estate, then William Clement had a right during his life-
time to direct, by will, the disposition thereof after his decease;
and as, by his will, he also gave the proceeds of said policy to
his daughter, Frances August Clement, and as the wills of
both Joanna Clement and William Clement were properly
probated, and no appeal therefrom was ever taken, we think
her title thereto is complete. We recommend that the judg-
ment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.